United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Belkys de Los Angeles Ponce,<br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores East, LLC,<br>Defendant. | )<br>)<br>)<br>) Civil Action No. 23-22587-Civ-Scola<br>)<br>)<br>)<br>) |

### Order on Defendant's Motion for Summary Judgment

This matter is before the Court on the Defendant's motion for summary judgment. (Mot., ECF No. 25.) The Plaintiff filed a response (ECF No. 33), and the Defendant replied. (ECF No. 35.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 25**.)

### 1. Background

On June 20, 2021, the Plaintiff Belkys de Los Angeles Ponce was walking in a store owned by the Defendant Wal-Mart Stores East, LLC in Homestead, Florida when she slipped and fell on a substance that was present on the floor. These events were captured on a store camera. Ponce then filed this action in state court, alleging that Wal-Mart negligently maintained its premises, thereby causing Ponce to slip and fall and sustaining serious injuries. (Compl., ECF No. 1-4.) The Defendant then removed the case to federal court based on diversity jurisdiction and now moves the Court for summary judgment on the complaint's sole count of negligence. (*See* Not. of Removal, ECF No. 1; Mot., ECF No. 25.)

### 2. Legal Standard

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to

the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *See Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.* "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### 3. Analysis

Wal-Mart moves for summary judgment on the sole count of negligence alleged in the complaint, arguing that the Plaintiff has failed to produce evidence that Wal-Mart was on actual or constructive notice of the dangerous condition that caused the Plaintiff's fall. (Mot. at 5.) Because there is no genuine dispute as to whether the store or its employees had constructive notice, according to Wal-Mart, summary judgment is appropriate. (*Id.*)

To maintain a negligence action under Florida law, a plaintiff must allege, "'(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury.'" *Marshon v. Fresh Market, Inc.*, No. 16-81609-Civ, 2017 WL 78797, at *4 (S.D. Fla. Jan. 6, 2017) (Middlebrooks, J.) (quoting *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). In Florida, a business owner owes two duties to a business invitee: "(1) to take ordinary and reasonable care to keep its premises reasonably safe; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." *Glasco v. Pembroke Lakes Mall, LLC*, 18-60551-Civ, 2019 WL 1112277, at * (S.D. Fla. Jan 15, 2019) (Valle, Mag. J.), *report and recommendation adopted*, 2019 WL 1115867 (S.D. Fla. Feb. 6, 2019) (Williams, J.). Moreover, in slip and fall matters involving a "transitory substance," Fla. Stat. § 768.0755 applies. Under this statute, an injured person "must prove that the business establishment had

actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Ponce concedes that there is no evidence that Wal-Mart had actual notice of the dangerous condition that caused her fall, arguing only that she has produced sufficient evidence to create a triable issue of fact regarding Wal-Mart's constructive notice. Constructive knowledge may be proven by circumstantial evidence, such as that the condition exists for a sufficient length of time. *Id.* "When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred." *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d Dist. Ct. App. 2017). "Florida's courts have found at least fifteen to twenty minutes to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it." *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023*)* (cleaned up) (quoting *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d Dist. Ct. App. 1972)). "Other decisions in Florida have determined that thirteen minutes or less is not enough time." *Id.* (citing *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 127-30 (Fla. 4th Dist. Ct. App. 2020); *Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 912 (Fla. 1st Dist. Ct. App. 2014) (holding "less than four minutes" to be insufficient)). "[I]n the absence of direct evidence, Florida law requires that the plaintiff introduce circumstantial evidence of 'additional facts' showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment." *Id.*

In arguing that there is no genuine dispute of a material fact with respect to notice, Wal-Mart argues that the substance that caused Ponce to slip could not have been on the floor for longer than five minutes. (Mot. at 7.) Wal-Mart cites to Ponce and her partner's deposition testimony that they did not see the substance when they passed through the same area five minutes prior to the fall in reasoning that the substance must have appeared in the interim. (*See* Def.'s Stmt. of Mat. Facts ("SMF"), ECF No. 26 ¶¶ 5-7.)

Ponce responds that a factual dispute exists as to the length of time the substance was present on the floor because the video evidence is ambiguous and there is record evidence indicating that the substance was there for longer than five minutes. (Resp., ECF No. 33.) According to Ponce, the video shows a child approximately ten minutes before the accident that could have been the source of the substance because the child is seen "holding a bag of some sort and turning it upside down." (*Id.* at 6.) Ponce also points to the photos taken of the scene in claiming that the substance was "strewed across the ground in various piles of various consistencies," indicating that it was present for significantly longer than five minutes and Wal-Mart's manager testifying that the video may have shown something already on the ground at 9:24:56 (the accident takes place at about

9:30:37). (*Id.* at 6.) According to Ponce, the video shows at least two Wal-Mart employees passing by the relevant area following 9:24:56, firmly establishing Wal-Mart's constructive notice of the dangerous condition. (*Id.* at 6-7.)

In addition to the evidence cited by Ponce, Wal-Mart acknowledges evidence that the substance was on the floor for a longer period of time. Specifically, Wal-Mart discusses Ponce's testimony that "[t]here was footprints that weren't mine. They were bigger than my shoe. There was streak marks on the carts. There was shoeprints going this way, going this way." (Mot. at 8 (citing Pl.'s Dep., Ex. B to Def.'s SMF, ECF No. 26-2 at 48:16-19).) Wal-Mart argues that the Court should not credit this evidence because photographs indicate that the footprints and marks arose during and after the fall, and an employee testified that the substance "only appeared to have been stretched though [sic] by one person." (Mot. at 8-9 (citing Def.'s SMF ¶ 12; Ex. D to Def.'s SMF, ECF No. 26-4 at 40-42).) But the Court must construe the evidence in the light most favorable to the non-moving party (Ponce), and "[t]ime and again, Florida's appellate courts have found constructive notice when the offending liquid was dirty, scuffed, or had grocery-cart track marks running through it, or if there was other evidence such as footprints, prior track marks, changes in consistency, or drying of the liquid." *Sutton*, 64 F.4th at 1170 (cleaned up) (collecting cases). The Eleventh Circuit held in *Sutton* that the Plaintiff's testimony that footprints were present that did not belong to her placed the case "cleanly into the set of Florida cases that require a jury to decide whether the substance sat on the floor long enough to establish constructive notice." *Id.* at 1171.

Here, the Plaintiff has presented evidence that other people and shopping carts passed through the substance that caused her fall, and that Wal-Mart employees could have seen the substance in the minutes leading up to the accident, creating triable issues of fact as to how long the substance was present and whether Wal-Mart had constructive notice of its presence. Wal-Mart's arguments regarding the conflicting evidence only confirm that a material issue of fact remains. "When taken in a light most favorable to the non-moving party, this corpus of evidence is sufficient to create a genuine issue of material fact." *Id.* at 1172. The Court therefore disagrees with Wal-Mart that the evidence shows "no question regarding notice is left pending" such that summary judgment is appropriate. (Mot. at 9.)

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendant's motion for summary judgment. (**ECF No. 25**.)

**Done and ordered** in Miami, Florida, on June 7, 2024.

_____
Robert N. Scola, Jr.
United States District Judge